The State v. Cole.

THE STATE OF KANSAS v. NEWT COLE.

No. 14,816.   (85 Pac. 807.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Extending Time to Settle and Sign a Bill of Exceptions.* Where, in a criminal case, the trial court extends the time for settling and signing a bill of exceptions beyond the term, the order must fix the time definitely within which it shall be settled and signed, and an order of extension which leaves the time when it shall be settled and signed to depend upon a five days' notice by either party to the other will not extend the time beyond the term.

Appeal from Decatur district court; ABEL C. T. GEIGER, judge. Opinion filed June 9, 1906. Dismissed.

*C. C. Coleman,* attorney-general, and *F. S. Jackson,* assistant attorney-general, for The State.

*J. F. Peters,* for appellant.

The opinion of the court was delivered by

GREENE, J.: The defendant was convicted on three counts charging illegal sales of intoxicating liquor, and on one count charging him with maintaining a nuisance in violation of the prohibitory law. Judgment was rendered against him, to reverse which he prosecutes this appeal.

The state challenges the jurisdiction of this court to investigate or determine any question involved in the merits of this appeal. It appears that on November 10, 1905, the trial court extended the time for the defendant to prepare and serve his bill of exceptions to include December 11, 1905; that the state was allowed ten days thereafter to suggest amendments; and that the bill of exceptions was to be settled and signed upon five days' notice. The bill of exceptions and suggested amendments were served within the time allotted. Notice was given and the bill of exceptions was settled and signed December 28, 1905.

Prior to the enactment of chapter 275 of the Laws of 1901 (Gen. Stat. 1901, § 4753) a bill of exceptions in a criminal prosecution could be settled only at the term of court at which the trial was had. By the provisions of this act authority was conferred upon the court to extend beyond the term the time for settling and signing a bill of exceptions. Before the passage of this act the time for settling and signing the bill of exceptions was definite and certain; namely, the term of court at which the trial was had. By this act, although the court may extend the time, yet the order of extension must be as definite and certain as to the time within which the act shall be performed as before the passage of the act.

In making the order of extension in this case the court omitted to observe this requirement as to fixing the time when the bill of exceptions should be settled. The order is that the bill of exceptions shall be settled and signed upon five days' notice after it and the amendments thereto have been served. This leaves it for either of the parties to fix the time for settling and signing the bill of exceptions by serving a five days' notice upon the other. This is not in compliance with the statute, and is ineffectual to extend the time beyond the term of court. This court is therefore without jurisdiction.

Were we permitted to examine the record we would find that under the extension order the time for serving the bill of exceptions and suggesting amendments expired December 21, 1905, and by giving to the order the effect which would be contended for by appellant— that the time could be made definite by adding to this period five days, which was the time for notice, making the time expire December 26—the appellant's position would be no better, because the bill of exceptions was not settled and signed until December 28, two days after the expiration of the time contended for.

The cause is therefore dismissed.

All the Justices concurring.